### Julia A. Ross v. Charles I. Will, administrator.

1. CLAIM—*when, should be allowed as of second class.* *Held,* under the particular facts of this case, that the claimant was entitled to an allowance of her claim as of the second class.

Contest in court of probate. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed June 7, 1905.

DOOLEY & DOOLEY, for appellant.

CHARLES I. WILL, administrator, appellee, *pro se.*

MR. JUSTICE GEST delivered the opinion of the court.

The abstract furnished to us is very meager and unsatisfactory. It is scarcely possible to learn from it the facts of the case and the proceedings that have been had. We conclude from it and from the presentation of the case made to us in briefs and arguments of counsel that one Daniel Skinner was the owner of a parcel of land occupied by him and his wife, Mary E. Skinner, as a homestead; that upon the death of Daniel Skinner, Charles I. Will was appointed administrator of his estate, and an award of $842 was made to Mary E. Skinner, widow; that the widow on December 5, 1895, executed and delivered to appellant, Julia A. Ross, a note for the sum of $1,100 and also a mortgage securing the same, upon the said homestead, which was duly acknowledged and recorded on the same day, and which contained full covenants of warranty. The widow, Mary E. Skinner, died October 4, 1899, leaving no property, real or personal, except the allowance of the above mentioned award, and Charles I. Will was appointed administrator of her estate also. The premises were sold upon the application of Mr. Will, as the administrator of David Skinner, for the payment of debts against his estate; the proceeds of that sale came into the hands of Mr. Will as the administrator of the estate of said Mary E. Skinner, in pursuance of an order of the County Court, presumably on account of payment of the

said award to the widow. Appellant filed her claim upon said note and mortgage against the estate of Mary E. Skinner and asked that it be allowed and made a first and preferred claim. The County Court allowed it in the seventh class. Appellant appealed from that order of allowance to the Circuit Court and upon a hearing in that court the same order was made as had been made by the County Court and adjudging the costs against appellant, and thereupon she appealed to this court. It is apparent from the foregoing statement that the only question before this court is whether the appellant Ross is entitled to have her claim established as a second class claim. The doctrine as established in Lagger v. Mutual Union, 146 Ill., 283, appears to be applicable to the facts of this case. Lagger owned a lot of ground occupied by him as his homestead and died intestate, leaving a widow and children. The widow was appointed administratrix and subsequently married one John Spies. She had an unpaid claim for her award in the sum of $1,840.10. She petitioned the Probate Court for an order to sell the premises to pay that claim; the order was entered, the sale was made and deed executed to Cora B. Hirtzel, and the latter immediately conveyed the lot to Mrs. Spies and thereupon she borrowed $4,200 from the Loan Association and with her husband executed bond and trust deed with full covenants of title to secure same. Bill was afterwards filed to foreclose the trust deed, and the children of Lagger, Mrs. Spies' first husband, were made defendants thereto. A cross-bill was filed by them setting up in substance that said sale was in fact made by the administratrix to herself. The court so found and set aside the sale. The money borrowed from the Loan Association had been used in improving the property. Mrs. Spies had receipted to the Lagger estate for the amount at which the sale had been made to Cora Hirtzel, $1,650, but no money in fact had been paid to her. The value of the property was found to have been enhanced by the improvement in the sum of $2,500. The court, on ordering the sale by the administratrix set aside, found that the equitable interest of Mrs. Spies in the premises, and to which the Loan

Association was entitled, was the amount of her widow's allowance, $1,840.10, and the amount of the enhanced value by the improvement, $2,500, in all the sum of $4,340.10, and ordered a resale of the premises for the payment of that sum to the Loan Association. The court holds in that case: "It would be inequitable to pay over the fund in its hands—realized from the enforcement against the premises of the claims for widow's award and for improvement—to the mortgagor rather than to the mortgagee, in view of the covenants in the mortgage." It would be inequitable, in the case under consideration, to pay out the money arising from the sale of the homestead premises to Mary E. Skinner if she were living or to her heirs, she being dead, or to any other claimant against her estate, not having the same and equal equity with Julia A. Ross, "in view of the covenants in the mortgage" made to Julia Ross.

The judgment of the Circuit Court will be reversed and the cause remanded with directions to the Circuit Court to order the payment of the claim of appellant Julia A. Ross against the estate of said Mary E. Skinner, as a second class claim.

*Reversed and remanded with directions.*